UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION

MADISON SHEDDAN,

    Plaintiff,

-vs-                                      CASE NO.:

HUNTER WARFIELD, INC.; CENTRAL
PORTFOLIO CONTROL INC.; EQUIFAX
INFORMATION SERVICES LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Madison Sheddan (hereinafter "Plaintiff"), sues Defendants, Hunter Warfield, Inc., Central Portfolio Control Inc., Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union, LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

1

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA and FDCPA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Douglas County, CO; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA and FDCPA.

6. Hunter Warfield, Inc. ("Hunter Warfield") is a corporation with its principal place of business located in Tampa, FL which conducts business in the State of Colorado through its registered agent, Colorado Manager, Inc., located at 8690 Wolff Court, Suite 110, Westminster, CO 80031.

7. Hunter Warfield is a furnisher of data as defined by the FCRA.

8. Hunter Warfield is a debt collector as defined by the FCRA.

9. Central Portfolio Control, Inc. ("Central Portfolio") is a corporation with its principal place of business located in Minnetonka, MN which conducts business in the State of Colorado through its registered agent, C T Corporation System, located at 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

10. Central Portfolio is a furnisher of data as defined by the FCRA.

11. Central Portfolio is a debt collector as defined by the FDCPA.

12. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located in Atlanta, GA which conducts business in the State of Colorado through its registered agent, Corporation Service Company, located at 1900 West Littleton Blvd., Littleton, CO 80120.

13. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. Experian Information Solutions, Inc. ("Experian"), is a corporation with its principal place of business located at 457 Anton Blvd., Costa Mesa, VA 92626, authorized to conduct business in the State of Colorado through its registered agent, CT Corporation System, located at 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

16. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

17. Experian disburses such consumer reports to third parties under contract for monetary compensation.

18.     Trans Union LLC ("TransUnion"), is a corporation with its principal place of business located at 555 West Adams St., Chicago, IL 60661, authorized to conduct business in the State of Colorado through its registered agent, Corporation Service Company, located at 1900 West Littleton Blvd., Littleton, CO 80120.

19.     TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

20.     TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

21.     Equifax, Experian, and TransUnion the "big three" credit reporting agencies in the United States today.

22.     Several years ago Plaintiff rented an apartment at a complex called "Advenir at Cherry Creek North."

23.     For reasons unknown to Plaintiff, after he paid his full balance owed and last payment, Advenir at Cherry Creek North brought suit against Plaintiff in Colorado State Court, claiming Plaintiff owed a debt to Advenir at Cherry Creek North.

24.     This information was, and remains, false. Plaintiff does not owe any outstanding debt to Advenir at Cherry Creek North.

25. Advenir at Cherry Creek North's lawsuit against Plaintiff was dismissed by the Court after Plaintiff provided proof of payment, which Advenir at Cherry Creek North acknowledged.

26. Subsequently, both Hunter Warfield and Central Portfolio each began attempting to collect that same alleged debt on behalf of Advenir at Cherry Creek North.

27. Hunter Warfield then began furnishing information to Equifax, Experian, and TransUnion about Plaintiff's alleged account with Advenir at Cherry Creek North, and Equifax, Experian, and TransUnion subsequently began reporting that information on Plaintiff's respective credit reports.

28. Central Portfolio then began furnishing information to Equifax, Experian, and TransUnion about Plaintiff's alleged account with Advenir at Cherry Creek North, and Equifax, Experian, and TransUnion subsequently began reporting that information on Plaintiff's respective credit reports.

29. Plaintiff sent a dispute of the false information being furnished by Hunter Warfield to Equifax.

30. Hunter Warfield and Equifax both subsequently verified the false information about Plaintiff's alleged debt owed to Advenir at Cherry Creek North.

31. Plaintiff sent a dispute of the false information being furnished by Hunter Warfield to Experian.

32. Hunter Warfield and Experian both subsequently verified the false information about Plaintiff's alleged debt owed to Advenir at Cherry Creek North.

33. Plaintiff sent a dispute of the false information being furnished by Hunter Warfield to TransUnion.

34. Hunter Warfield and TransUnion both subsequently verified false the information about Plaintiff's alleged debt owed to Advenir at Cherry Creek North.

35. Plaintiff sent a dispute of the false information being furnished by Central Portfolio to Equifax.

36. Central Portfolio and Equifax both subsequently verified the false information about Plaintiff's alleged debt owed to Advenir at Cherry Creek North.

37. Plaintiff sent a dispute of the false information being furnished by Central Portfolio to Experian.

38. Central Portfolio and Experian both subsequently verified the false information about Plaintiff's alleged debt owed to Advenir at Cherry Creek North.

39. Plaintiff sent a dispute of the false information being furnished by Central Portfolio to TransUnion.

40. Central Portfolio and TransUnion both subsequently verified the false information about Plaintiff's alleged debt owed to Advenir at Cherry Creek North.

41. To date, despite Plaintiff's good faith attempts to have the false information being furnished by Hunter Warfield removed from his credit reports, the false information remains on his Equifax, Experian, and TransUnion credit reports.

42. To date, despite Plaintiff's good faith attempts to have the false information being furnished by Central Portfolio removed from his credit reports, the false information remains on his Equifax, Experian, and TransUnion credit reports.

43. Along with each of the aforementioned disputes, Plaintiff attached relevant documents that should have easily given all entities concerned the information necessary to confirm the truth of the allegations contained within Plaintiff's dispute.

44. Despite this, the Defendants each ignored Plaintiff's allegations and, upon information and belief, conducted no real or meaningful investigation into Plaintiff's disputes besides a surface-level review of the data already contained in their respective file(s).

45. The false information being furnished by Hunter Warfield and Central Portfolio, and subsequently reported by Equifax, Experian, and TransUnion, has caused Plaintiff to sustain damages.

46. For example, due to the actions and/or inactions of the Defendants, Plaintiff has suffered from a dramatic decrease in his credit score(s).

47. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from inability to lease his own apartment.

48. Due to the actions and/or inactions of the Defendants, Plaintiff must live with friends and/or family and uses a post office box since he does not have his own permanent address.

49. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from stress, embarrassment, worry, frustration, anger, fear, anxiety, and a loss of his personal time.

### COUNT I: Violation of the FCRA as to Hunter Warfield

50. Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

51. Hunter Warfield furnished inaccurate representations to Equifax, Experian, and TransUnion, and through those companies to all of Plaintiff's potential lenders on multiple occasions.

52. Hunter Warfield violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

53. Hunter Warfield violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and TransUnion after it had been notified that the information it was furnishing was inaccurate.

54. Hunter Warfield did not have a reasonable basis to believe that Plaintiff was responsible for the account(s) reported in its representations. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. For example, Plaintiff provided Hunter Warfield with relevant documents that proved the facts asserted in his dispute. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify whether or not Plaintiff was actually responsible for the debt. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party (for example, supporting documents sent by Plaintiff and proof of Plaintiff's on-time payments.)

55.     As a result of the conduct, action and inaction of Hunter Warfield, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, as well as the other damages described throughout this Complaint.

56.     Hunter Warfield's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

57.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Hunter Warfield in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Hunter Warfield to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II: Violation of the FDCPA as to Hunter Warfield

58.     Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

59.     At all times relevant to this action Hunter Warfield is subject to and must abide by the requirements of the FDCPA, 15 U.S.C. § 1692 *et seq.*

60.     Hunter Warfield violated 15 U.S.C. § 1692(f) by attempting to collect a debt not authorized by contract or law.

61.     Hunter Warfield violated 15 U.S.C. § 1692(f) by attempting to collect a debt not authorized by contract or law.

62.     Hunter Warfield's actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described in this Complaint.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Hunter Warfield for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III: Violation of the FCRA as to Central Portfolio

63.     Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

64.     Central Portfolio furnished inaccurate representations to Equifax, Experian, and TransUnion, and through those companies to all of Plaintiff's potential lenders on multiple occasions.

65.     Central Portfolio violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

66. Central Portfolio violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and TransUnion after it had been notified that the information it was furnishing was inaccurate.

67. Central Portfolio did not have a reasonable basis to believe that Plaintiff was responsible for the account(s) reported in its representations. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. For example, Plaintiff provided Hunter Warfield with relevant documents that proved the facts asserted in his dispute. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify whether or not Plaintiff was actually responsible for the debt. Further, even if it would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party (for example, supporting documents sent by Plaintiff and proof of Plaintiff's on-time payments.)

68. As a result of the conduct, action and inaction of Central Portfolio, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, as well as the other damages described throughout this Complaint.

69. Central Portfolio's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

70. Plaintiff is entitled to recover reasonable attorney's fees and costs from Central Portfolio in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Central Portfolio to Plaintiff; award Plaintiff his reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

### COUNT IV: Violation of the FDCPA as to Central Portfolio

71. Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

72. At all times relevant to this action Central Portfolio is subject to and must abide by the requirements of the FDCPA, 15 U.S.C. § 1692 *et seq.*

73. Central Portfolio violated 15 U.S.C. § 1692(f) by attempting to collect a debt not authorized by contract or law.

74. Central Portfolio violated 15 U.S.C. § 1692(f) by attempting to collect a debt not authorized by contract or law.

75. Central Portfolio's actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described in this Complaint.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Central Portfolio for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT V: Violations of the Fair Credit Reporting Act as to Equifax

76.     Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

77.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

78.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered from the damages outlined in this Complaint.

79.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

80.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI: Violations of the Fair Credit Reporting Act as to Equifax

81.     Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

82.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful

reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

83. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

84. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and/or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

85. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT VII: Violations of the Fair Credit Reporting Act as to Experian

86. Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

87. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88. As a result of this conduct, action and inaction of Experian, Plaintiff suffered from the damages outlined in this Complaint.

89. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

90. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT VIII: Violations of the Fair Credit Reporting Act as to Experian

91. Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

92. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

93.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered the damages outlined in this Complaint.

94.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

95.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT IX: Violations of the Fair Credit Reporting Act as to TransUnion

96.     Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

97.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

98.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered the damages described in this Complaint.

99. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

100. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT X: Violations of the Fair Credit Reporting Act as to Trans Union

101. Plaintiff re-alleges and incorporates paragraphs 1 through 49 above as if fully set forth herein.

102. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

103. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered the damages outlined in this Complaint.

104. TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

105. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III*_____
Frank H. Kerney, III, Esquire
Florida Bar No.: 88672
The Consumer Lawyers, PLLC
3210 West Cypress St.
Tampa, Florida 33607
Telephone: 844-855-9000
Facsimile: 844-951-3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*